IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., et al. <br><br> Plaintiffs, <br><br> vs. <br><br> RCN TELECOM SERVICES, LLC, et al., <br> Defendants. | Case No. 24-1321 |

**PLAINTIFFS' MOTION TO COMPEL NON-PARTY JERALD SHERMAN TO IMMEDIATELY COMPLY WITH DECEMBER 2023 *SUBPOENA DUCES TECUM***

**I.   INTRODUCTION**

Plaintiffs AFTER II MOVIE, LLC, AFTER PRODUCTIONS, LLC, AFTER WE FELL PRODUCTIONS, LTD, AFTER EVER HAPPY PRODUCTIONS, LTD, BADHOUSE STUDIOS, LLC, BODYGUARD PRODUCTIONS, INC., CHASE FILM NEVADA, LLC, CINELOU FILMS, LLC, DALLAS BUYERS CLUB, LLC, HANNIBAL MEDIA, INC., HITMAN TWO PRODUCTIONS, INC., JOLT PRODUCTIONS, INC., LF2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MILLENNIUM MEDIA, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., PARADOX STUDIOS, LLC, RAMBO V PRODUCTIONS, INC., THE GUARD PRODUCTIONS, LTD, TIL PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, and WONDER ONE, LLC ("Plaintiffs") ("**Plaintiffs**"), by and through their counsel, move this Court to grant an order: compelling non-party JERALD SHERMAN ("**Sherman**") to fully produce documents in response to Plaintiffs' subpoena.  This Motion is pursuant to Federal Rules of Civil Procedure 26(b)(1), 34(c), and 45(d)(2)(B)(i) as well as Local Rules 7.1 and 37.2.

A. **Brief Factual and Procedural History**

On Nov. 15, 2021, Plaintiffs filed a First Amended Complaint ("**FAC**") in a case currently pending in federal district court for the District of New Jersey, against Defendants RCN TELECOM SERVICES, LLC and RCN TELECOM SERVICES OF MASSACHUSETTS, LLC ("**Defendants**"), collectively a provider of Internet and cable TV services. The FAC alleged, *inter alia*, that Defendants are secondarily liable for Defendants' subscribers' infringements of copyrights in Plaintiffs' various motion pictures (collectively, the registered "**Works**") and violations of the integrity of copyright management information ("**CMI**") in digital copies of Plaintiffs' Works (these alleged violations, the "**DMCA violations**"). On Dec. 20, 2023, Plaintiffs filed a Second Amended Complaint ("**SAC**") that made essentially the same claims and allegations but joined more Plaintiffs. *See BODYGUARD PRODUCTIONS, INC., et al., v. RCN TELECOM SERVICES, LLC, et al.*, No. 3:21-cv-15310-FLW-TJB (D. N.J.) ("***Bodyguard***") at Doc. #78. The SAC is the current operative pleading.

The *Bodyguard* SAC alleges that Defendants' third-party subscribers collectively used Defendants' Internet service to pirate Plaintiffs' movies thousands of times by sharing illegitimate file copies of the Works, with CMI modified, to refer to notorious movie piracy websites, such as YTS and RARBG. The SAC further alleges that Plaintiffs' agents as well as agents of other copyright holders sent Defendants thousands of notices informing of their subscribers' ongoing piracy, but Defendants took no meaningful action in response to the notices. *See id.*

On Nov. 29, 2021, Defendants filed a motion to dismiss the FAC (the operative pleading at that time) in which they asserted: "For the entire period relevant to this case, Defendants had in place a safe harbor policy pursuant to the Digital Millennium Copyright Act ("**DMCA**"), under which Defendants terminate the accounts of accused copyright infringers in appropriate circumstances." *See Bodyguard* at Doc. #28.

On Oct. 11, 2022, the District of New Jersey denied Defendants' motion to dismiss Plaintiffs' secondary liability claims. In that opinion, the Court noted that Plaintiffs' allegations that the ability of RCN's subscribers to use the service for infringement without consequence acts as a powerful draw for subscribers of RCN's service support the direct interest prong for vicarious copyright infringement. *See Bodyguard Prods. v. RCN Telecom Servs.*, LLC, Civ. A. 3:21-cv-15310 (GC) (TJB), 2022 U.S. Dist. LEXIS 185965, at *30 (D.N.J. Oct. 11, 2022).

On Oct. 25, 2022, Defendants filed an Answer and Affirmative Defenses to the FAC where they, *inter alia*: (i) denied that their subscribers use BitTorrent to infringe Plaintiffs' rights; (ii) denied that Plaintiffs had sent them thousands of notices; (iii) denied that they could control the conduct of their subscribers or that they monitored or controlled the conduct of their subscribers; and (iv) asserted that Plaintiffs' claims were barred because "…the RCN Defendants have adopted and reasonably implemented, and have informed subscribers and account holders of, a policy that provides for the termination of internet service in appropriate circumstances of subscribers and account holders alleged to be repeat copyright infringers." *Bodyguard* at Doc. #40, p 23.

Plaintiffs obtained evidence that Reddit user "ben125125" posted a comment in a forum "Piracy" on the social media platform Reddit boasting of how Defendants (RCN) do not take any steps to stop ongoing piracy despite having explicit notice.



On Jan. 7, 2023, Plaintiffs served a subpoena to Reddit requesting "Basic account

information including IP address registration and logs from 1/1/2016 to present, name, email address and other account registration information for "ben125125" among others.

On March 6, 2023, Reddit provided responsive information that showed "ben125125" registered for the Reddit account with an RCN email address and logged into the Reddit account from IP addresses associated with T-Mobile and RCN, as well as other service providers.

On April 17, 2023, Plaintiffs served a subpoena on T-Mobile requesting subscriber information for the customer assigned the T-Mobile IP addresses where "ben125125" logged into his Reddit account.

On June 9, 2023, T-Mobile provided responsive information that showed Sherman was the subscriber assigned the T-Mobile IP addresses. Further, public records from Lexis show that an individual named Ben Sherman – similar to the username "ben125125" – resides with Sherman.

On June 29, 2023, Plaintiffs sent a letter to Sherman requesting to discuss the circumstances of the Reddit comments and his service with RCN. Sherman did not respond to the letter.

On Dec. 8, 2023, Plaintiffs issued a *subpoena duces tecum* from the District of New Jersey, with a response deadline of Dec. 28, 2023, to be served on non-party Sherman requesting:

1. All written communications with RCN concerning piracy from Oct. 1, 2017 to the present.
2. Payment records to RCN from Oct. 1, 2017 to present.
3. All personal computing records pertaining to usage of BitTorrent from Oct. 1, 2017 to the present.
4. All social media account usernames used including for Reddit, Twitter and Facebook January 1, 2016 to present.
5. All Reddit posts and messages from Jan. 1, 2016 to the present
6. Records of all movie piracy websites (including but not limited to YTS, 1337x, RARBG, Torrent Galaxy, The PirateBay) that were used at your Internet service.

*See* Ex. "1".

On Dec. 27, 2023, Sherman was served the *subpoena duces tecum*. *See* Ex. "2" (proof of

4

service).

On or around the first week of January, 2024, a man called Plaintiff's counsel Kerry Culpepper's office and stated that he was the family attorney for Sherman. Culpepper and this person briefly discussed background on the subpoena and the case. The man stated that he would send a follow up email that day and responsive documents in the near future.

On Jan. 29, 2024, after Plaintiffs had not heard again from Sherman or the gentleman that stated he was Sherman's attorney, Plaintiffs' counsel sent a letter to Sherman requesting that he have his attorney contact the undersigned. *See* Ex. "3". As of the date of this motion, neither Sherman nor any representative on his behalf has served any response to the subpoena or informed Plaintiffs' counsel that a response was forthcoming.

## II.     ARGUMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *Ligas v. Maram*, No. 05 C 4331, 2007 WL 4225459, *3 (N.D. Ill. Nov. 27, 2007); *In re Kraft Heinz Sec. Litig.*, No. 19 C 1339, 2022 WL 19830663, *1 (N.D. Ill. Dec. 5, 2022) ("considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Rule 34(c) states "As provided in Rule 45, a nonparty may be compelled to produce documents…" FED. R. CIV. P. 34(c); *Hankins v. Alpha Kappa Alpha Sorority, Inc.*, 619 F. Supp. 3d 828, 833 (N.D. Ill. 2021).

Rule 45(a)(1)(D) provides for a party to serve subpoenas to produce documents on third parties. FED. R. CIV. P. 45(a)(1)(D); *Hankins*, 619 F. Supp. 3d at 833. Rule 45(d)(2)(B)(i) provides that "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i); *Sprint Sols., Inc. v. iCell Guru, Inc.*, 310 F.R.D. 563, 566 (N.D. Ill. 2015).

While the party requesting discovery has an initial burden of establishing relevancy, the party opposing discovery has the burden of proving that the requested discovery subjects a party to an undue burden and therefore should be disallowed. *Kraft Heinz*, 2022 WL 19830663 at *1.

### A. The Discovery Requested is Relevant and Proportional to the Needs of the Case.

The documents Plaintiffs request from Sherman in the Rule 45 subpoena are clearly relevant and proportional to the needs of the case.

Documents responsive to Plaintiffs' request for "All written communications with RCN concerning piracy from Oct. 1, 2017 to the present" will refute Defendants' assertion that they promptly informed subscribers of piracy and rebut Defendant's safe harbor affirmative defense. *See* Ex. 1, Request 1.

Records Plaintiffs request on "Payment records to RCN from Oct. 1, 2017 to present", *see id.*, Request 2, are evidence of RCN's profits from pirating customers and relevant to the issue of damages. Plaintiffs are entitled to "any profits of the infringer that are attributable to the infringement..." 17 U.S.C. §504(b),

Records Plaintiffs request on "All personal computing records pertaining to usage of BitTorrent from Oct. 1, 2017 to the present" as well as "Records of all movie piracy websites (including but not limited to YTS, 1337x, RARBG, Torrent Galaxy, The PirateBay) that were used at your Internet service" will prove direct infringement and thus Plaintiffs' allegation that Defendant's subscribers directly infringe Plaintiffs' exclusive rights (and that Defendant is liable

6

for its subscribers' piracy). (*See* Ex. 1 at Requests 3, 6). In addition to proving direct infringement, evidence produced in response to these Requests will support Plaintiffs' claim for secondary liability for 17 U.S.C. §1202 DMCA violations based upon Defendants' subscribers sharing pirated copies of Plaintiffs' Works with file titles altered to refer to these notorious movie piracy websites.

As stated above, Reddit user "ben125125" posted comments boasting of how Defendants tolerate piracy from IP addresses associated with Sherman's T-Mobile account. Accordingly, Plaintiffs requested information on "[a]ll social media account usernames used including for Reddit, Twitter and Facebook January 1, 2016 to present" and "All Reddit posts and messages from Jan. 1, 2016 to the present including the following.." (*See* Ex. 1 at Requests 4 and 5). Evidence of Defendants' customers boasting of how Defendants tolerate piracy will support Plaintiffs' claim of vicarious infringement (by showing that the ability to freely pirate content is a draw for using Defendants' services) and rebut Defendants' purported safe harbor affirmative defense.

Accordingly, the information Plaintiffs request is highly relevant to central claims of their case. Additionally, non-party Sherman is best-suited to access the information requested, as it is information that would be most easily accessed directly from him.

### C. The Non-Party Failed to Serve Any Response to the Subpoena.

Nonparty Sherman was served the subpoena and his counsel acknowledged receiving Plaintiffs' *subpoena duces tecum*. (*See* Dec. of Culpepper). However, nonparty Sherman failed to serve any response. In failing to serve a response, non-party Sherman has failed to identify any burden associated with producing the requested documents. Accordingly, he has waived his opportunity to make objections. *See* FED. R. CIV. P. 45(d)(2)(B) (an "objection must be served

7

before the earlier of the time specified for compliance or 14 days after the subpoena is served.").

### III. CONCLUSION

Accordingly, Plaintiffs pray that this Court grant its motion to compel Nonparty Sherman to fully respond to the subpoena within 7 business days and grant them any other relief that justice dictates.

### IV. LOCAL RULE 37.2 STATEMENT

Plaintiffs' undersigned counsel Kerry Culpepper certifies that, prior to filing this motion, he attempted to meet and confer with the nonparty affected by this motion in a good faith effort to resolve this dispute pursuant to LR 37.2. These attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Counsel's attempts to engage in consultation included the following: counsel briefly discussed this matter and response to the subpoena with an individual purporting to serve as counsel for nonparty Sherman in or about the first week of January, 2024; when no further response was forthcoming, counsel sending letter to nonparty Sherman on Jan. 29, 2024 asking Sherman to have his counsel contact counsel for Plaintiffs.

Dated: Feb. 15, 2024                    Respectfully submitted,

*/s/ Kerry S. Culpepper*

Kerry S. Culpepper (DC Bar No. 474612)
Culpepper IP, LLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
Tel: 808-464-4047
Fax: 202-204-5181
kculpepper@culpepperip.com

Jami A. Gekas (ARDC 6275196)
Gabriella M. Salek (ARDC 6342686)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jgekas@foley.com
gsalek@foley.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Kerry S. Culpepper, an attorney, hereby certify that a true and correct copy of the foregoing was served on n pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) and Local Rule 5.5 of the Northern District of Illinois at the following parties at their last known address:

<u>Via First Class Mail</u>
Jerald Sherman
515 W Belden Ave Apt 5
Chicago, IL 60614-3327

<u>Via First Class Mail</u>
Zachary C. Howenstine
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105

9

Counsel for Defendants

Dated: Feb. 15, 2024 Respectfully submitted,

/s/ *Kerry S. Culpepper*

Kerry S. Culpepper (DC Bar No. 474612)
Culpepper IP, LLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
Tel: 808-464-4047
Fax: 202-204-5181
kculpepper@culpepperip.com

Jami A. Gekas (ARDC 6275196)
Gabriella M. Salek (ARDC 6342686)
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654-5313
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
jgekas@foley.com
gsalek@foley.com

*Attorneys for Plaintiffs*